NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

July 29, 2021

Leonard Sessoms
1812 Broadhaven Drive
Middleburg, FL 32068
*Pro Se Plaintiff*

Michael T. Wilkos, Esq.
Kirmser, Lamastra,Cunningham, & Skinner
202A Hall's Mill Road
P.O. Box 1675
Whitehouse Station, NJ 08889
*Attorney for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

    **Re:**     **Sessoms v. New Century Imaging, et al.**
             **Civil Action No. 21-8492 (SDW) (CLW)**

Litigants:

    Before this Court is Defendants New Century Imaging, Colleen Bassett, Donald Elting, Susan Van Pelt, and Belinda Branch's (collectively, "Defendants") Motion to Dismiss Plaintiff Leonard Sessoms' ("Plaintiff") Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, grants Defendants' motion.

## DISCUSSION

    A.  Standard of Review

    An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B. Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted

At all relevant times, Plaintiff was employed as an appointment coordinator by New Century Imaging ("New Century"). (*See generally* D.E. 1.) On or about March 18, 2020, Plaintiff was laid off. (*Id.* at 7; D.E. 1-2.) On November 12, 2020, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and the New Jersey Division on Civil Rights, alleging that his supervisor Lisa Studt had sexually harassed him and that he was laid off in retaliation for rejecting her advances in violation of Title VII of the Civil Rights Act of 1964. (D.E. 8-4.) Plaintiff also indicated that he believed he was discriminated against because of his sex, and that New Century would have rehired him had he been female. (*Id.*) The EEOC issued a Notice of Right to Sue letter on February 26, 2021. (D.E. 1-2.)

On April 6, 2021, Plaintiff filed suit in this Court, raising claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA") and alleging that he was discriminated against on the basis of his race, color, gender/sex, religion, and age. (D.E. 1.) In describing the facts of the case, Plaintiff alleges only that he "was laid off due to Covid 19, and was told that i [sic] would be called back. Covid 19 had nothing to do with my job i [sic] work from home in Florida since 2017. I also received a letter from my job stating that i [sic] was laid off because of Covid 19. The conversation i [sic] had with my employer is totally different than the letter they sent to me." (D.E. 1 at 7.) Defendants subsequently moved to dismiss and all briefing was timely filed. (D.E. 8, 9, 11.)

A.

Before a plaintiff can bring a civil claim in court under Title VII, he or she must exhaust all appropriate administrative remedies with the EEOC. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976); *see also* 29 C.F.R. § 1614 (setting forth the administrative process for a Title VII claim). This requires that a complainant obtain a "right-to-sue letter" before bringing suit under the statute. *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). "If a plaintiff brings suit under Title VII . . . before receiving a 'right to sue letter,' the matter may be dismissed pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies." *Horne v. A&M Med. Servs., LLC*, Civ. No. 17-3423, 2017 WL 2656021, at *2 n.1 (D.N.J. June 19, 2017); *see also* 29 C.F.R. §1614; 42 U.S.C. § 2000e-5(f)(1). "[T]he parameters of the civil action in district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Ptasznik v. Univ. of Pa.*, 523 F. App'x 156, 160 (3d Cir. 2013). As a result, a plaintiff may not raise claims for the first time in federal court that were not included in a charge of discrimination filed with the EEOC. *See, e.g.*, *Roman v. Waste Mgmt. of N.J.*, Civ. No. 10-4337, 2011 WL 1807642, at *6 (D.N.J. May 12, 2011).

Plaintiff's Charge is limited to a claim for sex discrimination. Therefore, Plaintiff has failed to exhaust his administrative remedies as to his current claims for discrimination based on race, color, religion, and age, and those claims will be dismissed. *See, e.g. Cummings v. Princeton Univ.*, 2016 WL 63434561, at *3-4 (D.N.J. Oct. 31, 2016) (dismissing plaintiff's claim for racial discrimination for failure to exhaust administrative remedies where that claim was not included in previously filed EEOC charge).

As to Plaintiff's claim for sex discrimination under Title VII, there are no allegations that Defendants Elting, Bassett, Van Pelt or Branch engaged in any wrongful conduct, nor were they named in the EEOC Charge. In addition, "Third Circuit jurisprudence is clear that individual employees, including supervisors, are not subject to liability under" Title VII. *Rich v. New Jersey,* Civ. No. 14-2075, 2015 WL 2226029, at *10 (D.N.J. May 12, 2015); *see also Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) (stating that "Congress did not intend to hold individuals liable under Title VII"). As a result, Plaintiff's claim against those defendants will be dismissed with prejudice.

As to the remaining defendant, New Century, to sufficiently plead a retaliation claim under Title VII, Plaintiff must show: "(1) that [he] belongs to a protected class; (2) [he] was qualified for the position; (3) [he] was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action." *Dickerson v. N.J. Inst. of Technology*, Civ. No. 19-8344, 2019 WL 6032378, *5 (D.N.J. Nov. 14, 2019). Although Plaintiff does identify himself as an African American man, he says nothing about his qualifications for his position and pleads only that he was "laid off due to Covid 19" and that New Century "has not come up with a good reason why i [sic] was never called back." These allegations fail to show any discriminatory conduct or inference of the same. Consequently, Plaintiff's Title VII claim must be dismissed.

## CONCLUSION

Defendants' Motion to Dismiss is **GRANTED**. Plaintiff shall have thirty (30) days within which to file an amended Complaint. An appropriate order follows.

___/s/ Susan D. Wigenton___
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Cathy L. Waldor, U.S.M.J.